IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

GILBERT MONTOYA,

       Plaintiff,

vs.                                                                                                                                                     Civ. No. 01-321 BB/WWD

JO ANNE B. BARNHART,
Commissioner of Social Security,

       Defendant.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS
## AND RECOMMENDED DISPOSITION
### Proposed Findings

    1. This matter comes before the Court upon Plaintiff's Motion to Reverse or Remand ("Motion") **[Doc. 4]**, filed February 19, 2002. Plaintiff applied for disability benefits on May 26, 1987, alleging a disability that commenced on May 17, 1987. Plaintiff was awarded disability benefits pursuant to the decision of Administrative Law Judge ("ALJ") Boltz issued on March 14, 1989. Tr. at 131-35. On November 26, 1991, ALJ Smith found that Plaintiff's disability continued. Tr. at 229-34. Plaintiff's disability status was re-evaluated in 1996 and it was determined that his disability ended as of November 1, 1996. Tr. at 257-60. Plaintiff challenged the decision which terminated his benefits. After a hearing on October 14, 1998, ALJ Wren ruled against Plaintiff on November 2, 1998, finding that Plaintiff was no longer disabled as of November 1, 1996. Tr. at 19-33.

    2. The ALJ found that although Mr. Montoya could not return to his past relevant work, which required a medium level of exertion, he could perform the full range of sedentary work. Tr. at 32-33. The Appeals Council denied Plaintiff's request for a review of ALJ Wren's decision. Tr. at 10. Plaintiff now seeks judicial review of the final decision of the Commissioner of Social

Security terminating the Plaintiff's disability benefits.

3. At the time of the last administrative hearing, Plaintiff was 42 years old with a high school education. He has worked in the past as a dishwasher and service station attendant. Plaintiff alleges that he has continuing difficulties with his left arm. Plaintiff also alleges problems with his right knee and back, and claims to suffer from a hiatal hernia, depression, and gout. Tr. at 371, 379, 386.

4. The standard of review in social security appeals is whether the Commissioner's final decision, in this case the ALJ's decision, is supported by substantial evidence. Thompson v. Sullivan, 987 F.2d 1482, 1487 (10th Cir. 1993) (citations omitted). Additionally, the Commissioner's final decision can be reversed if the ALJ failed to apply the correct legal tests. Id. (citation omitted).

5. It is not entirely clear what errors Plaintiff alleges with respect to the ALJ's decision.[1] Plaintiff initially lists the following as alleged errors: (1) substantial evidence does not support the ALJ's finding that Plaintiff can perform the full range of sedentary work, "making use of the grids inappropriate"; (2) the "record is incomplete as missing the testimony of the second hearing; and should be remanded for consideration of the lately discovered treating doctor letter"; (3) the ALJ "failed to consider the combined effect of physical and depressive symptoms"; and (4) the ALJ "failed to support his findings of lack of credibility." Pl.'s Mot. at 4. However, the discussion and section headings of the Motion do not directly correlate with these listed errors and the Plaintiff concludes with a description of only three reasons to reverse or remand the ALJ's

---

[1] Indeed, Plaintiff's points and arguments were often difficult to follow because his briefs suffered from a lack of organization and contained numerous grammatical, spelling and/or typographical errors.

decision. Pl.'s Mot. at 11.

6. In order to terminate benefits, the Commissioner must prove (1) that claimant's medical condition has improved; (2) that the improvement is related to his ability to work; and (3) that he is currently able to engage in substantial gainful activity. 20 C.F.R. § 404.1594(a). Medical improvement is any decrease in the medical severity of an impairment which was present at the time of the most recent favorable medical decision that claimant was disabled or continued to be disabled. 20 C.F.R. § 404.1594(b)(1). A determination that a medical improvement has occurred must be based on changes or improvements in the symptoms, signs and laboratory findings[2] associated with the claimant's impairment. Id.

**First Alleged Error**

7. Plaintiff alleges that the ALJ's finding that Mr. Montoya is capable of performing the full range of sedentary work is not supported by substantial evidence. Plaintiff also contends that "the Commissioner fails to meet the burden of proving that Plaintiff's disability has improved sufficiently to work full time." Pl.'s Reply to Opp'n to Mot. at 1.

8. "In termination of benefit cases, benefits may not be discontinued without a showing that the claimant's condition has improved." Byron v. Heckler, 742 F.2d 1232, 1236 (10th Cir. 1984). "In order for evidence of improvement to be present, there must also be an evaluation of the medical evidence for the [most recent] finding of disability." Id. Thus, the principles set forth

---

[2] Symptoms are the Plaintiff's description of his impairment. 20 C.F.R. § 404.1528(a). Signs are abnormalities which can be observed apart from symptoms and must be shown by medically acceptable clinical diagnostic techniques. Id. § 404.1528(b). Laboratory findings are shown by the use of medically acceptable laboratory diagnostic techniques (i.e., chemical tests, electrophysiological studies, radiological studies and psychological tests). Id. § 404.1528(c).

3

in Byron require the ALJ to compare the medical evidence from Plaintiff's disability finding in 1991 to the current medical evidence in order to determine whether improvement has occurred. See id. (quoting Vaughn v. Heckler, 727 F.2d 1040 (11th Cir. 1984) (explaining that "[w]ithout such a comparison, no adequate finding of improvement could be rendered").

9. The ALJ found that Plaintiff "shows medical improvement since the November 26, 1991 decision by ALJ Smith resulting from a decrease in medical severity of his prior impairments[,] . . . . shown by an improvement in the symptoms, signs and laboratory findings associated with his impairment." Tr. at 32. As a basis for this conclusion, the ALJ explained that there is "no medical evidence showing any treatment since" November of 1991, and noted that Drs. Doddy and Gzaskow found Plaintiff's condition to be stable. Tr. at 25. The ALJ also stated that Dr. Doddy found that Plaintiff "has [a] normal gait and can lift up to 20 pounds." Id.

10. However, the ALJ failed to discuss any of the Plaintiff's medical evidence prior to November 1991; nor did the ALJ point out changes or improvements in any symptoms, signs or laboratory findings associated with Plaintiff's impairment in 1991. Thus, the ALJ erred, as did the Appeals Council in Byron, by "focus[ing] only on current evidence of whether [Plaintiff] was disabled." Byron, 742 F.2d at 1236.

11. Furthermore, the ALJ's mere assertion that Plaintiff's medical condition has improved is inadequate where he fails to point to the symptoms, signs and laboratory findings he compared in reaching that conclusion. Similarly, I find that the ALJ's broad reference to the "record considered as a whole" does not sufficiently indicate that he evaluated and compared the appropriate medical evidence. The absence of the evidence considered by the ALJ hampers

4

effective judicial review of the ALJ's decision.[3]

12. The ALJ did not indicate that he evaluated and compared the appropriate medical evidence as required under 20 C.F.R. § 404.1594 and the principles expressed in <u>Byron</u>. Consequently, I find that the ALJ did not apply the correct legal standard to determine whether Plaintiff's medical condition had improved. This case should be reversed and remanded for a redetermination of Plaintiff's medical condition and a reassessment of Plaintiff's disability status.

### Recommended Disposition

I recommend that Plaintiff's Motion to Reverse or Remand **[Doc. 4]** be granted. This case should be reversed and remanded for additional proceedings, to include:

(1)  a redetermination of whether Plaintiff's medical condition has improved, in accordance with the principles set forth in this opinion;

(2)  a reassessment of Plaintiff's disability status, in light of any new or changed findings resulting from the re-determination of Plaintiff's medical condition; and

(3)  the reinstatement of Plaintiff's prior status and benefits pending the outcome of the above proceedings.

Timely objections to the foregoing may be made pursuant to 28 U.S.C. § 636(b)(1)(C).

_____
UNITED STATES MAGISTRATE JUDGE

---

[3] For example, without knowing the evidence evaluated by the ALJ, the Court cannot determine whether the ALJ improperly considered symptoms, signs or laboratory findings that are unrelated to Plaintiff's impairment. <u>See</u> 20 C.F.R. § 404.1594(b)(1).